GRIFFIN, J.
Petitioner, Kit Carson, seeks a Writ of Prohibition asking that Circuit Judge Joseph Will be prohibited from presiding in the circuit court action below in which Mr. Carson has sued the Daytona Beach News-Journal and certain individuals for libel.
This is the third appellate proceeding in this court. The first appellate proceeding [1] was a Petition for Writ of Certiorari filed by the News-Journal asking this court to quash an order of the lower court that compelled discovery of two documents. One was a copy of an unemployment form; the other, a job evaluation form concerning Mr. Carson. Mr. Carson asserts that he gave these documents to the newspaper and the newspaper does not deny that it received them. The trial court had ruled that these documents were-subject to discovery and ordered them produced by the newspaper. The News-Journal filed a Petition for Certiorari in this court, which elicited a detailed response from Mr. Carson and culminated in the opinion from this court reported as News- *13 Journal Corp. v. Carson, 741 So.2d 572 (Fla. 5th DCA 1999).
In the opinion, the court upheld the order of the lower court. The News-Journal then filed a Motion for Rehearing in which it argued principally that by addressing the balancing test for discovery of documents subject to the privilege, the opinion of this court had denied the News-Journal due process. The newspaper urged that the only proper course would be to remand the issue back to the trial court for the trial court to conduct a “balancing test” hearing, prior to discovery, the outcome of which would then again be subject to a second appellate review. This Motion for Rehearing was denied.
Shortly after rehearing was denied, the News-Journal informed Mr. Carson that it did not have possession of either of the documents because, as counsel for the News-Journal wrote to Mr. Carson in a letter, “promptly after you gave these documents to my client, they were discarded.” At Petitioner’s request, on November 24, 1999, the trial court entered its order requiring the News-Journal to: “file a supplemental response to the order requiring production of documents dated June 10, 1999 detailing the destruction of the requested documents.” According to Petitioner, the News-Journal filed a “Notice of Defendant’s Supplemental Response to Order” in which they simply reiterated that:
[Defendants do not have possession and control of the requested documents. Promptly after Plaintiff gave the documents to the News-Journal Corporation, the documents were discarded.
Petitioner further alleges that at a hearing held on March 30, 2000, the trial judge acknowledged that the News-Journal’s response did not comply with the requirements of his order, but, rather than enforce the order and require more detailed information concerning the circumstances of the loss of these documents, the trial court rescinded the order. Mr. Carson contends that this action by the trial court establishes that the lower court’s rulings are designed to spite Mr. Carson and to retaliate against him for previously seeking to have the trial judge removed from the case.[2] Unfortunately, Mr. Carson’s appendix does not contain any documents or transcripts that reflect these rulings or which indicate any bias or unfairness in making these rulings.
Certainly, there are unanswered questions concerning the Respondent’s conduct in these pretrial discovery matters. The prosecution of the Petition for Writ of Certiorari seeking to protect the documents from discovery in this court even though they had been discarded as much as a year earlier, is a matter that should be taken very seriously. The letter response of the News-Journal that informed Mr. Carson that the documents no longer existed, indicated that the certiorari proceeding had been filed “on principle.” This suggests that the decision to oppose discovery below and to proceed in this court was made in the face of knowledge that the documents did not exist or without ascertaining whether they existed. Also, from the portions of the file we have, it appears that the trial court did focus on the issues of spoilation and the potential materiality of the missing documents to Mr. Carson’s case. How the court resolved these issues is unclear. Mr. Carson explains that the lower court has rescinded its prior order requiring the News-Journal to explain what happened to the documents and when, but the reason is also unclear. Even assuming the trial court has erred, the error is correctable on appeal. Given the current procedural posture of the case, the Petitioner’s dissatisfaction with the lower court’s handling of the case and his frustration with its (apparent) unwillingness to get to the bottom of this very odd discovery dispute is not a *14 legally sufficient basis for this court to order disqualification.
Petition DENIED.
HARRIS and SAWAYA, JJ„ concur.

. In the second proceeding, Mr. Carson had sought a Writ of Prohibition directed at Judge Will, based upon his contention that the trial judge is "afraid” of the Respondent newspaper because of its uniquely prominent position in the community and its power to influence judicial elections.

. Mr. Carson includes in his Petition for Writ of Prohibition and his Motion to Disqualify a number of adverse actions by the trial court, but we conclude none of these arguably supports the claim of bias.